OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

March 12, 2002

The Honorable Rene Guerra
Hidalgo County Criminal District Attorney
Hidalgo County Courthouse
Edinburg, Texas 78539

Opinion No. JC-0479

Re: Whether certain eligibility requirements for a bail bond license enacted by Senate Bill 1119 apply to a bail bond license application filed on May 28, 2001 (RQ-0450-JC)

Dear Mr. Guerra:

On behalf of the bail bond board in your county, you ask whether certain requirements an individual must meet to be eligible for a bail bond license, which were recently enacted by Senate Bill 1119, *see* TEX. OCC. CODE ANN. § 1704.152(a)(4) (Vernon 2002); Tex. S.B. 1119, 77th Leg., R.S., ch. 1262, § 3, sec. 1704.152(a)(4), 2001 Tex. Sess. Law Serv. 2839, apply to a license application filed with the board on May 28, 2001.[1] We conclude that these requirements do not apply to an application filed prior to September 1, 2001, the new law's effective date.

A person may not act as a bail bond surety in a county unless the person holds a license under chapter 1704. *See* TEX. OCC. CODE ANN. § 1704.151 (Vernon 2002). The only exception to the licensing requirement is for an attorney who executes a bail bond for a client. *See id.* § 1704.163. A person who wishes to be licensed under chapter 1704 must submit an application to the county bail bond board, which has the authority to review and grant or deny the application. *See id.* §§ 1704.154 (license application requirements), .157-.159 (board review of license applications). The application for an individual must comply with the requirements of section 1704.154 and include a list of real property that satisfies section 1704.155.

Section 1704.152 specifies that to be eligible for a license, an individual must:

(a) . . . .

(1) be a resident of this state and a citizen of the United States;

(2) be at least 18 years of age;

---

[1]Letter from Honorable Rene Guerra, Hidalgo County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General (Oct. 8, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

(3) possess the financial resources required to comply with Section 1704.160, unless the individual is acting only as agent for a corporation holding a license under this chapter; and

(4) have, in the two years preceding the date a license application is filed:

(A)   at least one year of continuous work experience in the bail bond business; and

(B)   completed at least eight hours of continuing legal education criminal law courses or bail bond law courses that are approved by the State Bar of Texas and that are offered by an institution of higher education accredited by the state.

*Id.* § 1704.152(a).  The legislature added subsection (a)(4) to this provision in the last session, in Senate Bill 1119.  It also added an exception to those eligibility requirements, providing in subsection (c) of section 1704.152:

(c)   Subsection (a)(4) does not apply to the issuance of an original license:

(1) in a county before the first anniversary of the date a board is created in the county; or

(2) to an individual who applies to operate the bail bond business of a license holder who has died if the individual is related to the decedent within the first degree by consanguinity or is the decedent's surviving spouse.

*Id.* § 1704.152(c); *see also* Tex. S.B. 1119, 77th Leg., R.S., ch. 1262, § 3, sec. 1704.152(c), 2001 Tex. Sess. Law Serv. 2839.

You ask whether the subsection (a)(4) work-experience and course-work licensing requirements enacted by Senate Bill 1119 apply to an application for a bail bond license filed with your county bail bond board on May 28, 2001.  *See* Request Letter, *supra* note 1, at 2 ("[A]re the changes to [section 1704.152] retroactive or only applicable to applications filed after September 1, 2001[?]").  We assume for purposes of this opinion that the application filed with the bail bond board complied with the application requirements of sections 1704.154 and 1704.155.

Senate Bill 1119, which took effect on September 1, 2001, *see* Tex. S.B. 1119, 77th Leg., R.S., ch. 1262, § 19, 2001 Tex. Sess Law Serv. 2839, 2843, included the following provision

governing the effect of its changes to licensing requirements, including those set forth in section 1704.152:

> (a) Except as provided by Subsection (b) of this section, *the changes in law made by this Act to the requirements for an original bail bond license* or to renew a bail bond license *apply only to an application for a bail bond license* or to renew a bail bond license *that is made on or after the effective date of this Act.*

> (b) The changes in law made by this Act to Section 1704.152, Occupations Code, relating to the renewal of a bail bond license by a person who holds a bail bond license immediately before the effective date of this Act apply only to a renewal that occurs on or after September 1, 2002.

*Id.* § 16, at 2843 (emphasis added).

It appears that the person at issue in your query has filed an application for an original license rather than to renew an existing license. *See* Request Letter, *supra* note 1, Exhibit 2. Because subsection (b) of this provision pertains only to renewals of existing licenses, subsection (a) governs the situation you describe. Under subsection (a), Senate Bill 1119's changes to the requirements for a bail bond license apply only to an application for a bail bond license that is made on or after its effective date, September 1, 2001. *See* Tex. S.B. 1119, 77th Leg., R.S., ch. 1262, §§ 16(a), 19, 2001 Tex. Sess. Law Serv. 2839, 2843. Therefore, the section 1704.152(a)(4) work-experience and course-work eligibility requirements do not apply to a application for a new license filed with the county bail bond board on May 28, 2001.

## S U M M A R Y

The work-experience and course-work eligibility requirements for bail bond licensees added to section 1704.152(a)(4) of the Occupations Code by Senate Bill 1119 do not apply to an application for an original license filed with the county bail bond board on May 28, 2001, prior to the new law's effective date. *See* Tex. S.B. 1119, 77th Leg., R.S., ch. 1262, §§ 3 (amendments to section 1704.152), 16 (providing for prospective application of changes to requirements for bail bond license), 19 (September 1, 2001 effective date), 2001 Tex. Sess. Law Serv. 2839, 2843.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee